NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

Patricia STRAITWELL, Defendant.

Civil Action No. 03–367 Erie.

United States District Court, W.D. Pennsylvania.

June 3, 2004.

Stanley A. Winikoff, Swartz Campbell, LLC, Pittsburgh, PA, for Plaintiff.

Will J. Schaaf, Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, PA, for Defendant.

## MEMORANDUM OPINION

McLAUGHLIN, District Judge.

Plaintiff, Nationwide Mutual Insurance Company filed a declaratory judgment action asking this Court to declare that it has no obligation to pay underinsured motorist (UIM) benefits to the Defendant, Patricia Straitwell, as a result of a household exclusion clause in its policies.

### I. BACKGROUND

The relevant facts are not in dispute. On September 13, 2001, the Defendant was driving a motor vehicle owned by her daughter, Melissa Straitwell, when she was involved in an accident with another vehicle driven by Rachel Stettler, causing her to sustain bodily injuries. Ms. Stettler's vehicle was insured under an automobile liability insurance policy issued to her by Allstate Insurance Company, which tendered the policy limits of $25,000.00.

The vehicle owned by the Defendant's daughter, Melissa, was insured under an automobile liability insurance policy issued by Nationwide, Policy No. 54 37 D 187741. This policy provided for un-stacked UIM coverage in the amount of $100,000.00. No other vehicles were insured under this policy. Defendant made a claim upon Nationwide for the recovery of the UIM benefits under this policy, and on October 24, 2003, Nationwide tendered the full policy limits of $100,000.000 to the Defendant.

At the time of the accident, the Defendant was also a named insured under two personal automobile policies of insurance also issued by Nationwide. Policy No. 54 37 B 329452 was issued to the Defendant only, and Policy No. 54 37 B 326942 was issued to the Defendant and her husband, Louis Straitwell. Both of these polices provided UIM coverage of $100,000.00/$300,000.00.

Defendant made demand upon Nationwide for UIM benefits under her individual policy and the joint policy, based on language in the policies that provided that Nationwide would "pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an underinsured motorist vehicle because of bodily injury suffered by you or a relative." Def. Ex. C, p. 1. A "relative" is defined under the policies as "one who regularly lives in your household, related to you by blood, marriage or adoption (including a ward or foster child)." At the time of the accident, Melissa lived with her parents.

Nationwide denied the Defendant's claims based upon the "household exclusion" clause contained in the policies, which stated in relevant part:

> This coverage does not apply to:
>
> 6. Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle.

Def. Ex. C, p. 2. Presently pending before the Court are cross-motions for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In order to withstand a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating whether the non-moving party has established each necessary element, the Court must grant all reasonable inferences from the evidence to the non-moving party. *Knabe v. Boury Corp.,* 114 F.3d 407, 410, n. 4 (3d Cir.1997) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348).

## III. DISCUSSION

In response to the Plaintiff's reliance on the household exclusion, the Defendant advances two arguments. First, she contends that the exclusion relied upon by Nationwide is contrary to the language of the priority statute in the Pennsylvania Motor Vehicle Financial Responsibility Law, ("MVFRL"), 75 Pa.C.S.A. § 1733, and second, that under the factual circumstances presented in this case, the exclusion violates public policy.

### A. Whether the "household exclusion" clause is contrary to 75 Pa. C.S.A. § 1733

Section 1733 provides:

(a) **General rule.**—Where multiple policies apply, payment shall be made in the following order of priority:

(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.

(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

(b) **Multiple sources of equal priority.**—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

75 Pa.C.S.A. § 1733. Relying on the Statutory Construction Act, 1 Pa.C.S.A. § 1921, the Defendant argues that because § 1733 is plain and unambiguous, Nationwide should be prohibited from utilizing its household exclusion to alter the priority by which payments are made under the Act. In other words, the Defendant contends that the plain language of § 1733 "trumps" the household exclusion and renders it in-

operative. Plaintiff counters that there is no tension between the priority statute and the household exclusion since it is only obligated to pay benefits consistent therewith "[w]here multiple policies apply." "Multiple policies [do not] apply" according to the Plaintiff by virtue of the household exclusion.

■ Both the Pennsylvania Superior Court and the Pennsylvania Supreme Court have squarely rejected the argument that a household exclusion, such as that at issue here, runs afoul of the priority statute. In Rudloff v. Nationwide Mutual Ins. Co., 806 A.2d 1270 (Pa.Super.2002), appeal denied, 572 Pa. 758, 818 A.2d 505 (2003), the plaintiff was injured while operating a vehicle that she owned. She sought UIM benefits through an automobile policy that her father maintained with Nationwide. Nationwide denied the plaintiff's claim for UIM benefits on the basis of the household exclusion. The court rejected the claim that the household exclusion impermissibly conflicted with the express language of § 1733 stating:

> Appellee argues that "[i]f Nationwide's exclusion as to [Appellee] is enforced, then the priority provision set forth [in § 1733] is rendered meaningless." ....
> We disagree. The ... provision would be applicable were Appellee to have been injured in a friend's car. In such a case, Nationwide's policy expressly provides UIM coverage to Appellee. Thus, the Nationwide policy would be in second priority for Appellee's recovery of benefits. Therefore, we conclude that the household exclusion clause does not conflict with this provision of the MVFRL.

Rudloff, 806 A.2d at 1276; see also Nationwide Mutual Ins. Co. v. Harris, 826 A.2d 880, 883 (Pa.Super.2003) (finding that household exclusion clause did not violate § 1733 based on Rudloff ).

The Pennsylvania Supreme Court in Prudential Property and Casualty Ins. Co. v. Colbert, 572 Pa. 82, 813 A.2d 747 (2002) also rejected a similar argument. In Colbert, the plaintiff was involved in an automobile accident while driving his car, which was insured for UM and UIM coverage with State Farm Insurance Company. At the time of the accident, the plaintiff lived with his parents who owned three vehicles, all of which were insured for UM and UIM coverage under a single policy with Prudential. The plaintiff settled his claim against the tortfeasor, and also recovered the maximum amount of UIM coverage under his State Farm policy. He then made a claim for additional UIM benefits under the Prudential policy, and Prudential denied his claim, relying in part upon a household exclusion clause in the policy. In upholding the exclusion, the court rejected the argument that § 1733 mandated a different result:

> The Colberts also assert that 75 Pa. C.S. § 1733, which provides a statutory priority of recovery when multiple policies apply, evinces the Legislature's intent that an individual may receive benefits under a policy of insurance covering a vehicle other than the one involved in the accident, so long as he is a paid insured under the secondary policy.... However, as this Court noted in Burstein v. Prudential Property and Casualty Insurance Co., "[w]hile Section 1733 contemplates that UM and UIM coverage may be portable in some instances, it does not suggest that UM or UIM coverage would extend where the coverage has been specifically excluded, as is the case here." 570 Pa. 177, 809 A.2d 204, 209 n. 7 (2002) (emphasis added).

Colbert, 813 A.2d 747, 751 n. 3.

In light of the previously discussed case law, we conclude that the plain language of § 1733 does not preclude a carrier from

utilizing a household exclusion such as that at issue here.

### B. Whether the "household exclusion" clause violates public policy

■ The cases are legion upholding the household exclusion against the claim that it violates public policy. Needless to say, we do not write on a clean slate, and an exhaustive review of the development of the case law in this area is unnecessary. For present purposes, it is sufficient to say that the recent decisions of *Colbert, Nationwide Mutual·Insurance Co. v. Riley,* 352 F.3d 804, 810 (3rd Cir.2003), and *DeMutis v. Erie Insurance Exchange,* 851 A.2d 172 (Pa.Super.2004), refute the Defendant's contention that the household exclusion violates public policy.

In *Colbert,* Prudential denied the plaintiff's claim for UIM benefits in part on the basis of the household exclusion clause in the policy. Recognizing that the primary public policy of the MVFRL was cost containment, the court concluded that this policy concern "functions to protect insurers against forced underwriting of unknown risks that insureds have neither disclosed nor paid to insure." *Colbert,* 813 A.2d at 753. The court concluded that the "other household vehicle" exclusion, as applied to the plaintiff, was consistent with the underlying policy of the MVFRL.

The Third Circuit in *Nationwide Mutual Ins. Co. v. Riley,* 352 F.3d 804 (3rd Cir.2003), upheld the same exclusion relying in large measure on *Colbert.* In *Riley,* the plaintiff was injured while driving her own vehicle which was insured by her through Nationwide. She recovered the liability limits under the tortfeasor's policy and also recovered the limits of UIM coverage on her own vehicle. At the time of the accident, the plaintiff lived with her father, who also had a policy through Nationwide. Nationwide denied the plaintiff's claim for additional UIM benefits under her father's policy.

In denying the claim, the court stated: The fact that the two vehicles were insured by the same insurance company does not, however, turn the tide. Even though the *Colbert* Court noted as a relevant fact that the insurer did not know of Adam's vehicle, that fact does not appear critical to its analysis. Upholding the household exclusion clause in·this case will further the policy goals of the MVFRL of containing insurance costs, and therefore does not counsel differently than *Colbert.* In exchange for a reduction in insurance premiums, Arthur Riley chose to exclude the other cars in his household from his underinsured motorist policy. Now that his daughter Pamela has already recovered to the limit of her own underinsured motorist policy, she seeks benefits for which she has not paid. She has presented no evidence, however, that Nationwide factored in the risk of her having an accident with an uninsured motorist when it calculated Arthur's premium. Indeed, we may presume that it did not, as Pamela's insurance policy was issued months after Arthur's policy. Voiding the exclusion clause would therefore allow Pamela added underinsured policy recoveries, and force Nationwide to pay for items not factored into its risk calculations.
*Riley,* 352 F.3d at 810.

Finally, in *DeMutis v. Erie Insurance Exchange,* 851 A.2d 172 (Pa.Super.2004), the Superior Court upheld a household exclusion clause under facts virtually identical to the instant case. In *DeMutis,* the plaintiff's decedent was a passenger in a car driven by his father which was hit by another driver. The plaintiff's estate recovered full policy limits from the tortfeasor's policy and his father's UIM policy.

Therefore, it made a claim under the policy the decedent held with Erie Insurance on his own car, which denied the claim on the basis of the household exclusion clause.

The plaintiff's estate claimed that the exclusion violated public policy, arguing that the analysis was different when the insured was in his father's car and claiming under his own policy, rather than when the insured was in his own car and claiming under his father's policy. The Superior Court flatly rejected this argument. Relying on its decision in *Rudloff v. Nationwide Mutual Ins. Co.*, 806 A.2d 1270 (Pa.Super.2002), the court stated:

> In allowing the household exclusion, our courts and the General Assembly have implicitly agreed that multiple vehicles in a single household represents a statistically higher risk than is represented by an insured riding in a friend's car. As such, an insurer is not obligated to provide coverage for that higher risk of which it was unaware and uncompensated. It is obvious that had Demutis insured his vehicle under his father's policy, that premium would have increased by some amount for the additional UM/UIM coverage. That higher premium represents the risk for which the insurer was not compensated but is now asked to assume.

*DeMutis*, 851 A.2d at 173.

The court quoted with approval the opinion of the trial judge wherein she observed:

> It is true that Anthony paid the premiums for UIM coverage under the policy at issue. However, the Estate is not seeking benefits for which it paid, it is seeking benefits that were specifically excluded from the coverage of the Erie policy. Thus, the question before this Court is whether the Estate should be entitled under the circumstances to receive more benefits than that for which it paid on the ground of public policy[.]

> ... [T]he purpose of the household vehicle exclusion is to limit an insurer's liability for accidents which involve vehicles that are not insured under its policy but are more likely to be driven or occupied by an insured than third-party vehicles because they are owned by a household member.

*Id.* at 177 (citation omitted).

As in *DeMutis*, it is immaterial that the Defendant here paid for UIM coverage on her single and joint policy. As the preceding cases demonstrate, the courts are unanimous in their conclusion that the insurer should not be compelled to underwrite a risk for which it had not been compensated. *See also, e.g., Nationwide Mutual Ins. Co. v. Schmidt*, 307 F.Supp.2d 674, 682 (W.D.Pa.2004) ("the main question in the public policy analysis is whether the insurer would be compelled to underwrite unknown risks that it has not been compensated to insure"); *Prudential Property and Casualty Ins. Co. v. Dormer*, 2004 WL 350911 at *4 (E.D.Pa.2004) (same); *State Farm Mutual Automobile Ins. Co. v. Harrison*, 2004 WL 339654 at *1 (E.D.Pa.2004) (finding that *Riley* and *Colbert* "reaffirm the policy of not requiring insurers to pay for risks they did not anticipate insuring").

For the reasons previously stated, the household exclusion does not violate public policy and operates to exclude coverage under Policy No. 54 37 B 329452 and Policy No. 54 37 B 326942. Accordingly, the Plaintiff's motion for summary judgment shall be granted, and the Defendant's motion shall be denied.

### IV. CONCLUSION

An appropriate Order follows.

### ORDER

AND NOW, this _____ day of June, 2004, and for the reasons set forth in the preceding Memorandum Opinion,

IT IS HEREBY ORDERED that the Motion for Summary Judgment [Doc. No. 9] filed by the Plaintiff, Nationwide Mutual Insurance Company is GRANTED, and that the Motion for Summary Judgment [Doc. No. 11] filed by the Defendant, Patricia Straitwell is DENIED. Judgment is hereby entered in favor of the Plaintiff and against the Defendant.

The clerk is directed to mark the case closed.