**William A. ALDERSON, Appellee,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 20, 2005.

Filed Sept. 19, 2005.

---

James C. Haggerty, Philadelphia, for appellant.

Steven R. Wolf, Canonsburg, for appellee.

BEFORE: ORIE MELVIN, BENDER and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 Plaintiff-appellee William Alderson filed this action seeking underinsured motorist (UIM) coverage from defendant-appellant Nationwide Mutual Insurance Company (Nationwide). An arbitration panel found in favor of Alderson, and Nationwide filed a petition to modify or correct the arbitration award.[1] The Washing-ton County Court of Common Pleas denied Nationwide's petition and confirmed the award of the arbitrator. This timely appeal followed.

¶ 2 Alderson was driving his 1974 Harley Davidson motorcycle when he was injured in a collision with a third party tortfeasor. Alderson collected the limits of the tortfeasor's insurance policy ($15,000). The 1974 Harley Davidson was insured by Nationwide, under its own policy that included $25,000 of UIM coverage, and Alderson received this amount from Nationwide. Alderson then sought additional UIM benefits from Nationwide by making a claim under the policies that covered other vehicles in the Alderson household: a 1991 Ford Ranger, a 1990 Cadillac Deville, a 1986 Ford F250, and a 1973 Harley Davidson motorcycle. These Nationwide policies contained the following "household exclusion":

> This coverage does not apply to:...
> Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy...

R. 154a.

¶ 3 There is no dispute that the vehicle Alderson was occupying when he suffered bodily injury—his 1974 Harley Davidson motorcycle—was not insured by these additional Nationwide policies. Therefore, the clear and unambiguous language of the household exclusion prevents Alderson's recovery of benefits under these additional policies. Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy. *Eichelman v. Na-*

---

1. Pursuant to 42 Pa.C.S. § 7302(d)(2), a court reviewing a statutory arbitration award under the Uniform Arbitration Act "shall...modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict."

*tionwide Ins. Co.*, 551 Pa. 558, 711 A.2d 1006 (1998).

■ ¶ 4 In this case, the arbitrator and the trial court decided that Nationwide's household exclusion violates public policy, and refused to apply it. Instead, the court affirmed the arbitrator's decision to declare the exclusion void, and make available to Alderson the stacked limits of the additional policies, or $175,000.[2] In its appeal, Nationwide argues the trial court erred when it confirmed the arbitrator's decision declaring the household exclusion and allowing Alderson to stack the UIM coverages of the additional household policies. We hold the trial court did err, as the arbitrator's decision was contrary to law, and we therefore reverse and remand.

¶ 5 Our Supreme Court most recently upheld a household exclusion similar to Nationwide's in *Prudential Property & Cas. Ins. Co. v. Colbert*, 572 Pa. 82, 813 A.2d 747 (2002). The Prudential exclusion denied coverage for "bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not covered under this policy." *Id.* at 89, 813 A.2d at 751. The Court specifically stated that invalidating such an exclusion:

> would empower insureds to collect UIM benefits *multiplied by the number of insurance policies on which they could qualify as an insured,* even if they only paid for UIM coverage on one policy. As a result, insureds would receive benefits far in excess of the amount of coverage for which they paid, as would be the case here were we to void the exclusion.

*Id.* at 94, 813 A.2d at 754 (emphasis in original). Indeed, the Court emphasized

that the public policy goals of the Motor Vehicle Financial Responsibility Law would be undermined by forcing insurers to underwrite risks for which insureds have not paid a premium. *Id.* at 93, 813 A.2d at 753. Therefore, providing additional UIM coverage to Alderson under the Nationwide policies that expressly do not apply to the 1974 Harley Davidson motorcycle would hold Nationwide responsible for a risk it did not get paid to insure under those policies.

¶ 6 Alderson argues that Nationwide knew about the 1974 Harley-since it insured it under a separate policy—and that this knowledge somehow alters the validity of the household exclusion in the other policies. But the fact that Nationwide insured all the household vehicles does not change the result. *See Nationwide Mut. Ins. Co. v. Riley,* 352 F.3d 804 (3d Cir. 2003). The risks appurtenant to the operation of the motorcycle were rated separately, and a separate premium for specific coverages was paid; no extra coverage under other household policies was purchased.

¶ 7 The household exclusion has been upheld in several recent cases nothwithstanding express arguments that it violates public policy. *See, e.g., Estate of Demutis v. Erie Ins. Exchange,* 851 A.2d 172 (Pa.Super.2004); *Nationwide Mut. Ins. Co. v. Harris,* 826 A.2d 880 (Pa.Super.2003), *appeal denied,* 577 Pa. 723, 847 A.2d 1287 (2004); *Rudloff v. Nationwide Mut. Ins. Co.,* 806 A.2d 1270 (Pa.Super.2002), *appeal denied,* 572 Pa. 758, 818 A.2d 505 (2003). The exclusion should have been applied by the arbitrator and the trial court under the facts of this case.

---

**2.** The parties have stipulated that Alderson's injuries are such that his damages would

equal the limits of this potential coverage.

We therefore reverse and remand.[3]

¶ 8 Order denying petition to modify or correct arbitration award and confirming arbitration award reversed. Matter remanded for correction of arbitration award. Jurisdiction relinquished.

---

3. Because we decide that Alderson was not entitled to coverage under the additional Nationwide policies, we need not reach the issue of stacking.

