**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Kenneth L. ROTH, Appellant.**

**Nos. 06–4691, 06–4692.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 25, 2007.

Filed: Oct. 30, 2007.

James C. Haggerty, Swartz Campbell, Philadelphia, PA, for Nationwide Mutual Insurance Company.

Timothy G. Lenahan, George E. Mehalchick, Christine S. Lezinski, Lenahan & Dempsey, Scranton, PA, John D. Nardone,

Law Offices of John D. Nardone, Kingston, PA, for Appellant.

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

### OPINION OF THE COURT

HARDIMAN, Circuit Judge.

In this appeal we consider the validity of a household exclusion clause in an automobile insurance policy issued by Appellee Nationwide Mutual Insurance Company (Nationwide). If the clause is valid, then Appellant Kenneth L. Roth cannot recover the stacked limits of the underinsured motorist (UIM) benefits allowed by the policy.

### I.

Roth was severely injured in an accident on June 22, 2002 while operating his motorcycle, which was insured under Nationwide Policy No. 58 37 C 853255 (motorcycle policy). After Nationwide paid Roth $50,000 in UIM benefits under that policy, Roth made a claim for UIM benefits in the amount of $150,000 under Nationwide Policy No. 58 37 B 470260, which covers Roth's three automobiles (automobile policy).

Nationwide filed a complaint for declaratory judgment that Roth is not entitled to the additional UIM benefits. Before the District Court, Roth had pending a motion to compel further discovery when Nationwide filed a motion for summary judgment, basing its argument on the following household exclusion clause contained in the automobile policy:

> This coverage does not apply to: ... Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle.

On October 26, 2006, the District Court, 2006 WL 3069721, granted Nationwide's motion for summary judgment, denied Roth's cross-motion for summary judgment, and denied as moot Roth's motion to compel discovery and subsequent motion to compel depositions. Roth appeals from the District Court's judgment.

### II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over the final judgment of the District Court under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo* and apply the same legal standard that the District Court should have applied in the first instance. *Courson v. Bert Bell NFL Player Ret. Plan,* 214 F.3d 136, 142 (3d Cir.2000). Summary judgment is required on a claim when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001) (internal citation omitted). The parties agree that Pennsylvania law applies here.

### III.

Under Pennsylvania law, household exclusion clauses—which "exclude[ ] coverage for an otherwise insured individual when that person is occupying a separately owned vehicle that is not insured under the subject" motor vehicle insurance policy—are not *per se* invalid. *Prudential Prop. & Cas. Ins. Co. v. Colbert,* 572 Pa. 82, 813 A.2d 747, 751–52 (2002); *see also*

*Eichelman v. Nationwide Ins. Co.,* 551 Pa. 558, 711 A.2d 1006, 1010 (1998). Indeed, any such *per se* rule "has morphed into the minority rule, as most exclusion clauses have been deemed valid." *Nationwide Mut. Ins. Co. v. Riley,* 352 F.3d 804, 808–09 (3d Cir.2003) ("While the Pennsylvania Supreme Court has held that the enforceability of the exclusion is dependent upon the factual circumstances presented in each case, it has been upheld in nearly all of the cases in which it has been considered." (internal citation omitted)); *Colbert,* 813 A.2d at 754 ("voiding the [household] exclusion would empower insureds to collect UIM benefits multiplied by the number of insurance policies on which they could qualify as an insured, even though they only paid for UIM coverage on one policy" (emphasis omitted)).

Nothing in the factual circumstances of the case at bar precludes the enforcement of the household exclusion clause in Roth's automobile policy. In fact, in *Alderson v. Nationwide Mut. Ins. Co.,* 884 A.2d 288 (Pa.Super.Ct.2005), *appeal denied,* 589 Pa. 717, 907 A.2d 1100 (2006), the Pennsylvania Superior Court upheld a household exclusion clause when Nationwide issued a motorcycle policy and automobile policies to a named insured who was injured while operating his motorcycle. The insured sought additional UIM benefits under his automobile policies despite household exclusion clauses identical to the clause at issue here. *See* 884 A.2d at 289–90 ("providing additional UIM coverage to Alderson under the Nationwide policies that expressly do not apply to the ... motorcycle would hold Nationwide responsible for a risk it did not get paid to insure under those policies"). The court added that "the fact that Nationwide insured all the household vehicles does not change the result. The risks appurtenant to the operation of the motorcycle were rated separately, and a separate premium for specific coverages was paid." *Id.* at 290 (internal citation omitted).

Although we are not bound by *Alderson* because it is not a decision of the Pennsylvania Supreme Court, we give careful consideration and significant weight to decisions of state intermediate appellate courts in attempting to predict how a state's highest court will rule. *See Jaworowski v. Ciasulli,* 490 F.3d 331, 333 (3d Cir.2007); *Colliers Lanard & Axilbund v. Lloyds of London,* 458 F.3d 231, 236 (3d Cir.2006). This is especially true where, as here, we find the intermediate appellate court's decision persuasive.

As in *Alderson,* Roth has not established a genuine issue of material fact as to whether he paid premiums for a benefit that is now being denied. Instead, Roth paid for the ability to stack the UIM coverage limits of the three automobiles covered by the automobile policy; had he been injured in one of those vehicles, the UIM coverage limit on his bodily injury would have been $150,000. By signing an automobile policy that also contains a household exclusion, Roth is not entitled to the additional benefit of collecting $150,000 when he is injured while operating a vehicle not covered under the automobile policy.

Roth attempts to distinguish *Alderson* by claiming that prior to the accident, he was unaware that his motorcycle was covered under a policy separate from the one that covered his three automobiles and that Nationwide effectuated this change unilaterally. But the record reveals no genuine issue of material fact on this point. First, Roth paid premiums on the motorcycle policy annually, whereas he paid premiums on the automobile policy every six months. Moreover, Roth signed a waiver of stacking of UIM benefits in his motorcycle policy, whereas there is no waiver of stacking in his automobile policy. Conse-

quently, we would have to believe that Roth intended to sign away his ability to stack in the automobile policy—a proposition Roth himself argues is impossible—in order to conclude that he believed his motorcycle was also covered under that policy. Against the overwhelming documentary record evidence, Roth cannot rely on his self-serving affidavit to avoid summary judgment. *See Blair v. Scott Specialty Gases,* 283 F.3d 595, 608 (3d Cir.2002); *see also Keri v. Bd. of Trustees of Purdue Univ.,* 458 F.3d 620, 628 (7th Cir.2006).

We also reject Roth's argument that "Nationwide cannot use the household exclusion as a *de facto* waiver of inter-policy stacking, since Nationwide cannot satisfy the three requirements established by the Supreme Court in *Craley.*" The so-called "three requirements" apply only to waivers of stacking, not to household exclusions. *See Craley v. State Farm Fire and Cas. Co.,* 586 Pa. 484, 895 A.2d 530, 541 (2006); *id.* at 544 (Eakin, J., concurring). Roth's argument that household exclusions have the practical effect of waiving inter-policy stacking is a red herring because, as we have acknowledged previously, household exclusions "prohibit[ ] the 'stacking' of uninsured or underinsured coverage across multiple insurance policies. The claimant may recover under the policy covering the occupied vehicle, but cannot add coverage provided by the policy containing the exclusion." *Nationwide Mut. Ins. Co. v. Hampton,* 935 F.2d 578, 587 (3d Cir.1991). Neither this Court nor the Pennsylvania appellate courts have held in a reported decision that household exclusion clauses should be treated as waivers of stacking as a matter of law. *See, e.g., id.* at 590 (household exclusion in policy covering two

automobiles enforceable to bar UIM coverage for bodily injury suffered on uninsured motorcycle, notwithstanding our earlier pronouncement that household exclusion had the effect of waiving inter-policy stacking). Moreover, *Craley* does not alter this result because it holds that waivers of stacking have both inter- and intra-policy effects; nothing in *Craley* suggests that household exclusions, which have only inter-policy effect and are limited to vehicles owned by a member of the household, automatically transform into waivers of stacking.[1]

For the foregoing reasons, we hold that because the household exclusion clause in Nationwide Policy No. 58 37 B 470260 is valid, the judgment of the District Court must be affirmed.

---

1. Along these lines, we decline to hold that the particular household exclusion at issue in this case must follow the stacking waiver requirements of 75 Pa. Cons.Stat. § 1738. The important differences between household exclusions and stacking waivers discussed in the main text convince us that the Pennsylvania Supreme Court likely will not subject the former to the requirements that § 1738 imposes on the latter.