18 A.3d 1093

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee**

v.

**Jesse AYERS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 12, 2011.

Decided April 28, 2011.

Judd F. Crosby, Pittsburgh, Crosby Law Office, for Jesse Ayers.

Scott B. Cooper, Harrisburg, Schmidt Kramer, P.C., Michael J. Foley, Scranton, Foley, McLane, Foley, McDonald & MacGregor, P.C., for Pennsylvania Association for Justice.

Joseph A. Hudock, Jr., Summers, McDonnell, Hudock, Guthrie & Skeel, L.L.P., for Government Employees Insurance Company.

Phillip Ray Earnest, Pittsburgh, Robb Leonard Mulvihill, L.L.P., for Pennsylvania Defense Institute.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

## *ORDER*

PER CURIAM.

**AND NOW,** this 28th day of April, 2011, the Court being evenly divided, the Order of the Superior Court is **AFFIRMED.**

Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE and Justices SAYLOR and EAKIN would affirm, and Justice SAYLOR files an Opinion in Support of Affirmance.

Justices BAER, TODD, and McCAFFERY would reverse.

Justice SAYLOR, in support of affirmance.

I would disapprove the utilization by an insurer of separate policies pertaining to multiple vehicles within the same household solely to subvert intra-policy stacking without any risk-based justification. Nevertheless, I am persuaded by the reasoning of the United States Court of Appeals for the Third Circuit, the rationale of the Superior Court, and the suggestion by a plurality of this Court that the writing of separate policies, and enforcement of the household exclusion, is justified relative to motorcycle insurance coverage. *See Nationwide Mut. Ins. Co. v. Roth,* 252 Fed.Appx. 505, 2007 WL 3226188, at *2–3 (3d Cir.2007); *Alderson v. Nationwide Mut. Ins. Co.,* 884 A.2d 288, 290 (Pa.Super.2005); *Erie Ins. Exch. v. Baker,* 601 Pa. 355, 972 A.2d 507, 512 n. 9 (Pa.2008) (plurality).