# Oesterling v. Allstate Ins. Co.

*Catherine Cirrincione,* for plaintiff.
*David J. Obermeier,* for defendants.

PICCIONE, *J.,* June 28, 2011—Before the court for disposition is defendants' motion for summary judgment. The current action arises from an insurance claim submitted by the plaintiff, Robert F. Oesterling, to the defendant, Allstate Insurance Company (hereinafter "Allstate"), after the plaintiff suffered injuries related to a motor vehicle accident on July 13, 2006. At the time of the accident, the plaintiff was operating a 2005 Honda motor scooter, which collided with a vehicle operated by Jacqueline Wyant; it is alleged that Ms. Wyant was the driver responsible for the accident. Plaintiff subsequently presented a liability claim against Ms. Wyant's insurance company and received the liability limit of $15,000.00. Plaintiff also presented an uninsured motorist (UIM) claim to Liberty Mutual Insurance Company, as the insurer of plaintiff's motor scooter. Plaintiff again received the policy limits of $15,000.00.

Plaintiff, believing that the value of his injuries exceeded $30,000.00, then submitted a UIM claim to Allstate. Plaintiff had previously obtained an insurance policy for two other vehicles owned by plaintiff with Allstate in November 1998. Defendant J. Richard Will sold plaintiff the policy. In August 2005, defendant J. Richard Will retired, and plaintiff's policy was transferred

by Allstate to defendant Keith Laidlaw. As such, at the time of plaintiff's motor scooter accident, Allstate was still the insurance care provider for plaintiff's two other motor vehicles, but according to defendant Allstate, plaintiff's current policy did not extend coverage to plaintiff's motor scooter. As such, Allstate promptly denied plaintiff's claim, and plaintiff in turn initiated the above listed action by filing a complaint against the defendants on August 22, 2008. An amended complaint was later filed on October 7, 2008, and the defendants responded by filing preliminary objections on November 7, 2008, asserting that counts II, VI, VII, X, XI and XIV of the amended complaint were legally insufficient. After hearing argument on defendants' preliminary objections, the Honorable President Judge Dominick Motto issued an order of court, dated June 30, 2009, denying defendants' preliminary objections and requiring the defendants to file an answer to the complaint within twenty days. The same was completed, and on November 5, 2010, defendants filed a motion for summary judgment, which is presently before the court for a determination.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The Rule states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action

or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa.Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n*, 732 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (1994)). Summary judgment is proper only when the uncontroverted allegations of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman*, 762 A.2d 1116, 1117 (Pa. Super. 2000).

In their motion for summary judgment, the defendants first request this court to dismiss count I of plaintiff's complaint. Count I seeks declaratory judgment against defendant Allstate, whereby the plaintiff's rights as set forth in his original policy at policy #0 01 395527 11/14

would be upheld, and policy endorsement AU10781-1 would be void and unenforceable. In support of their motion, defendants argue that in 2005, more than a year before plaintiff's accident, Allstate provided plaintiff with notice regarding changes to his insurance policy, which specifically referenced UIM coverage and the exclusion of coverage based on the "household exclusion". This fact is not contested by the plaintiff. Defendant further argues that the Pennsylvania courts have consistently held that household exclusions are valid and enforceable clauses in any insurance policy. Defendants also refer this court to a plethora of cases including, but not limited to, *Erie Ins. Exch. v. Baker*, 601 Pa. 355, 972 A.2d 507 (2009), *Alderson v. Nationwide Mut. Ins. Co.*, 884 A.2d 288 (Pa. Super. 2005) and *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558, 711 A.2d 1006 (1998), which all stand for this very proposition.

After reviewing the case law referenced by the defendants, this court agrees with defendants' assertion: household exclusions are valid and enforceable clauses in an insurance policy. This general rule, however, is qualified by the presupposition that such a clause is properly introduced into the policy in the first place. The Pennsylvania Supreme court has clearly ruled that where "an individual applies and prepays for specific insurance coverage, the insurer may not unilaterally change the coverage provided without an affirmative showing that the insured was notified of, and understood, the change, regardless of whether the insured read the policy." *Tonkovic v. State Farm Mut. Auto Ins. Co.*, 513 Pa. 445, 455, 521 A.2d 920, 925 (1987).

Neither party contests the fact that plaintiff initially purchased a policy from Allstate in November 1998. Nor do they contest the fact that at the time this policy was issued, and through May 2005, plaintiff's policy did not provide for a "household exclusion", as such any vehicle operated by the plaintiff, here the motor scooter, would have been covered under the initial policy. In April of 2005, however, defendant Allstate sent plaintiff notice of a change in his policy that added the exclusion of coverage to a motor vehicle owned or leased by a policy holder and not expressly insured under the policy. This additional language has been commonly referred to as the "household exclusion".

Plaintiff argues that the notice provided to the plaintiff by defendant Allstate was insufficient action to warrant a change in plaintiff's policy, as an insurance provider is obligated to establish that the insured understood the change, regardless of whether he actually read the policy. Plaintiff further argues that he reasonably expected the July 13, 2006 accident to be covered under his policy, given his understanding of his original policy and the terms and conditions provided therein. The reasonable expectation of the insured is the focal point of the insurance transaction involved here. E.g. *Tonkovic.* supra; *Beckham v. Travelers Insurance Co.*, 424 Pa. 107, 118, 225 A.2d 532, 537 (1967).

In evaluating any insurance transaction, courts must consider whether the insured's reasonable expectations are fulfilled, as the public has a right to expect that they will receive something of comparable value in return for the

premium paid. This expectation is clearly based on the fact that "the expectations of the insured are in large measure created by the [representations of the] insurance industry itself." *Tonkovic*, 521 A.2d at 925. "Such representations may or may not accurately reflect the contents of the written document and therefore the insurer is often in a position to reap the benefit of the insured's lack of understanding of the transaction." *Id.* (citing *Allen v. Metropolitan Life Ins. Co.*, 208 A.2d 638, 642 (N.J. 1965); *Rempel v. Nationwide Ins. Co.*, 471 Pa. 404, 370 A.2d 366 (1977).

After considering the applicable case law, the court turns to the case sub judice. The facts as stated before the court clearly establish that the plaintiff initially purchased an insurance policy in November 1998. The policy was later changed by defendant Allstate to include a "household exclusion" in April 2005 upon notifying the plaintiff of the same. What is not clear at this stage of the proceedings is whether the plaintiff understood the changes made to his policy. Plaintiff's argument that he did not read the policy changes is supported by the fact that the same was included in a standard policy renewal form customarily issued by defendant Allstate. As such, defendant's motion for summary judgment with respect to count I of plaintiff's complaint is denied.

Defendants next petition this court to dismiss counts II, VII, and XI of the amended complaint. In their brief to the court, the defendants argue that given the fact that the plaintiff is not entitled to UIM benefits under his current Allstate auto policy, all claims against the defendants for negligence must in turn be dismissed. The court, however, in the discussion set forth above has determined that there

are still factual disputes regarding count I of plaintiff's amended complaint. Consistent with the court's prior analysis, the court determines that because the defendants have based their argument on the assumption that plaintiff is not entitled to benefits, and the fact that factual disputes still exist there under, defendants' motion for summary with respect to various counts of negligence as set forth in plaintiff's amended complaint must be denied.

Defendants' motion further petitions this court to dismiss counts III, VIII and XII of plaintiff's amended complaint. Defendant's again predicate their argument on the assumption that plaintiff is not entitled to UIM benefits under his current Allstate auto policy, and in turn conclude all claims against the defendants for breach of contract must be dismissed. The court must DENY defendants' motion for reasons set forth above.

## ORDER OF COURT

And now, June 28, 2011, with this matter being before the court on February 28, 2011 for argument on a motion for summary judgment, filed on behalf of the defendants, by and through their counsel, David J. Obermeier, Esquire, and with Catherine Cirrincione, Esquire, appearing and representing the plaintiff, and after having considered the arguments made by counsel as well as their respective briefs, and in accordance with the attached opinion, it is hereby ordered and decreed as follows:

1. Defendants' motion for summary judgment with respect to count I of plaintiff's complaint is denied.

2. Defendants' motion for summary judgment with

respect to counts II, VII, and XI is denied.

3.   Defendants' motion for summary judgment with respect to counts III, VIII, and XII is denied.

4.   The defendants' motion for summary judgment with respect to count V, which alleges a violation of 42 Pa.C.S.A. § 8371, has not been properly briefed for the court or addressed by counsel at the scheduled argument. The same is therefore denied.

5.   Upon agreement of the parties, counts IV, IX, and XII of the amended complaint, with respect to various allegations of fraud, are hereby dismissed.

6.   Upon agreement of the parties, counts VI, X, and XIV of the amended complaint, with respect to various allegations of violations of the Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-1 et. seq. are hereby dismissed.

7.   The Prothonotary shall properly serve notice of this order of court and attached opinion upon counsel of record for the parties.