NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2133
_____

DEBORAH REICHERT,
Appellant

v.

STATE FARM INSURANCE COMPANY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-03832)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2012

Before:  RENDELL, FUENTES, and HARDIMAN, Circuit Judges

(Opinion Filed May 30, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

The single issue in this appeal is whether plaintiff-appellant Deborah Reichert is

entitled to "stack," or aggregate, the underinsured motorist (UIM) coverage on her

insurance policy with the UIM coverage on her parents' insurance policy.  The District

Court concluded that, by virtue of the household exclusion in her parents' insurance

policy, Reichert is not entitled to stack the two policies' coverage. For the following reasons, we will affirm.

## I.

Reichert was involved in an automobile accident while she was driving her Ford Explorer, and suffered injuries caused by the other driver. She settled with that driver's insurer for the insured's liability limit of $25,000. Because her medical costs exceeded that amount, she also filed a claim for UIM benefits[1] pursuant to her insurance policy with State Farm (the "Reichert Policy"), which insures her Ford Explorer. Her policy with State Farm contains a "stacking" provision, which allows "the insured to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." *McGovern v. Erie Ins. Group*, 796 A.2d 343, 344 (Pa. Super. Ct. 2002).

At the time of the accident, Reichert resided with her parents, George and Ella Downing, as well as with her son, Christopher Reichert. Under the stacking provision in her policy, Reichert sought to stack the UIM coverage provided by her parents' automobile insurance policy with State Farm (the "Downing Policy"), as well as with her son's automobile insurance policy, also with State Farm, filing claims under all three policies. The Downing Policy contains two operative provisions: a stacking waiver and a household exclusion. The stacking waiver provides, "By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself

---

[1] Underinsured motorist benefits pay the insured when a third party causes an accident but has insufficient funds under his policy to pay the full amount of damages.

and members of my household under which the limits of coverage available would be the sums of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage." (App. 4a.) Thus, while the Reichert Policy permits stacking of UIM coverage, the Downing Policy expressly waives any stacking of UIM coverage. Christopher Reichert's policy with State Farm does not contain a stacking waiver or a household exclusion clause.

The household exclusion in the Downing Policy, in turn, provides, "There is no coverage for any insured who sustains bodily injury while occupying a motor vehicle owned by you or any resident relative if it is not your car or a newly acquired car." (*Id*. at 5a.) "Insured" means those named on the policy, as well any "resident relative." A "resident relative" is "a person, other than [the named insured], who resides primarily with the first person shown as the named insured on the Declarations Page and who is: 1. related to that named insured or his or her spouse by blood, marriage, or adoption." (*Id*.)

State Farm has acknowledged that Reichert is entitled to UIM benefits under her policy and her son's policy by virtue of her purchasing stacking coverage, but denied Reichert's claim seeking to stack the UIM coverage of the Downing Policy, in light of that policy's stacking waiver and household exclusion.

Reichert filed an action in the Court of Common Pleas of Philadelphia County, seeking a declaration that she is entitled to stack the UIM coverage of the Downing Policy with that of her son's and her own. State Farm removed the case to the United

3

States District Court for the Eastern District of Pennsylvania. The parties filed cross-motions for summary judgment. The District Court granted summary judgment in favor of State Farm, and concluded that the household exclusion squarely applies to Reichert and prevents her from receiving UIM coverage under the Downing Policy. Thus, the District Court did not need to, and did not, address whether the stacking waiver in the Downing Policy is binding on Reichert, notwithstanding the fact that her own policy permitted stacking.

## II.[2]

Reichert argues that, rather than relying exclusively on the household exclusion, the District Court should have addressed whether the stacking waiver in the Downing Policy prevented her from stacking UIM coverage from that policy. We disagree. The District Court correctly concluded that a valid household exclusion in an automobile insurance policy precludes coverage, so the applicability of stacking provisions need not be addressed. Reichert clearly falls within the scope of the household exclusion, as she is a "resident relative" of the named insureds and was operating a vehicle not covered by the Downing Policy at the time of her accident.

Furthermore, in *Nationwide Mutual Insurance Company v. Riley*, 352 F.3d 804 (3d Cir. 2003), applying Pennsylvania law, we enforced a household exclusion to prevent a daughter from recovering additional UIM benefits under her father's policy. We relied

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332 and § 1441. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, applying the same standard the district court did to determine whether summary judgment was appropriate. *State Auto Property & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86, 89 (3d Cir. 2009).

on the Pennsylvania Supreme Court's opinion in *Prudential Property & Casualty Insurance Company v. Colbert*, 813 A.2d 747 (Pa. 2002), in which it enforced a household exclusion where the insured purchased UIM benefits and attempted to stack the benefits of his parents' insurance policy. The Supreme Court reasoned that not enforcing the exclusion would force the insurer to pay for risks it did not know it was insuring. *Id.* at 754. The same reasoning applies here; allowing Reichert to stack her parents' UIM coverage would force State Farm to pay for a risk it did not know it was insuring. *See also Erie Ins. Exchange v. Baker*, 972 A.2d 507 (Pa. 2009) (enforcing a household exclusion).

Nevertheless, Reichert urges that we should reverse the District Court's grant of summary judgment based on a concurring opinion in the Pennsylvania Supreme Court's decision in *Government Employees Ins. Co. v. Ayers ("Geico")*, 18 A.3d 1093 (Pa. 2011). There, the Pennsylvania Supreme Court affirmed, without an opinion, the lower court's ruling that the household vehicle exclusion in an insurance policy prevented stacking of UIM coverage. Justice Saylor briefly commented that, absent "risk-based justification," he would disapprove of an insurer that insures many vehicles in one household under separate policies to "subvert intra-policy stacking." *Id*. Justice Saylor concluded, however, that enforcing the household exclusion in that case was justified.

We decline to read Justice Saylor's concurrence as casting doubt on the rule that a valid household exclusion provision precludes coverage, and thereby prevents an insured from stacking UIM coverage. *See Nationwide Mut. Ins. Co.*, 352 F.3d at 811; *Erie Ins. Exchange*, 972 A.2d at 362; *Prudential Prop. & Cas. Ins. Co.*, 813 A.2d at 754.

III.

For the foregoing reasons, we will deny Reichert's motion for certification to the Pennsylvania Supreme Court, and we will affirm the judgment of the District Court.