**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
Appellant

v.

**Jesse AYERS, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2008.

Filed Aug. 18, 2008.

---

Joseph A. Hudock, Jr., Pittsburgh, for appellant.

Judd F. Crosby, Pittsburgh, for appellee.

William F. Goodrich, Pittsburgh, for Pa. Association for Justice, Amicus Curiae.

BEFORE: MUSMANNO, ORIE MELVIN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant Government Employees Insurance Company ("GEICO") appeals from an order which denied its motion for summary judgment and granted Appellee Jesse Ayers' ("Ayers") motion for summary judgment. We reverse and remand with instructions.

¶ 2 The trial court summarized the background underlying this matter in the following manner:

On July 29, 2004, [Ayers] was involved in two motor vehicle accidents in the City of Pittsburgh. He first sustained serious personal injures while he operated a motorcycle as a result of being struck by a Chevrolet pick-up truck op-

* Retired Senior Judge assigned to the Superior Court.

erated by David Pirotta ["Pirotta"]. The second accident occurred when [ ] Pirotta's vehicle rolled backwards over [Ayers'] body, while he was [lying] in the street following the first accident. Both accidents resulted in serious bodily injuries.

At the time of the accidents, [ ] Ayers was the named insured on two separate motor vehicle policies issued by GEICO. One policy insured two motorcycles owned by [Ayers]. The second policy insured two pick-up trucks owned by [Ayers]. Both policies provided for stacking coverage. GEICO's underwriting policies required that [ ] Ayers' motorcycles and pick-up trucks be insured under two separate policies. The existence of the motorcycles and pick-up trucks at [ ] Ayers' household were disclosed to GEICO.

Ayers collected the liability limits for both accidents on [Pirotta's] insurance policy. When [ ] Ayers made a claim for underinsured motorist [("UIM")] coverage under the two polices issued by GEICO, GEICO acknowledged his right to stack the coverages on two separate insurance polices for the second accident because [Ayers] was not "occupying" the motorcycle at the time of the second accident. GEICO denied [ ] Ayers the right to stack the coverages from the two polices for the first accident because he was "occupying" the motorcycle when [ ] Pirotta's truck struck him. [Ayers] had never waived stacking of coverages for either of the two polices issued by GEICO.

GEICO relied on the household vehicle exclusion contained in the insurance policy covering the two trucks when it denied coverage for the first accident. The relevant policy states:

This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorist Coverage under this policy.

GEICO filed a declaratory judgment action seeking a declaration that it had no duty to arbitrate any [UIM] claims with [Ayers] or pay any underinsured benefits to him arising out of the first accident. Both parties filed a Motion for Summary Judgment. The [trial c]ourt denied GEICO's Motion for Summary Judgment and granted the Motion for Summary Judgment in favor of [ ] Ayers.

Trial Court Opinion, 8/24/07, at 1–3 (citations omitted).

¶ 3 GEICO timely filed a notice of appeal. The trial court then directed GEICO to comply with Pennsylvania Rule of Appellate Procedure 1925(b). GEICO complied with the court's directive. Thereafter, the court issued its opinion. The trial court's rationale for granting summary judgment in favor of Ayers can be summarized as follows:

Here, the parties have stipulated that [Ayers] did not waive the stacking of coverage. [Ayers] chose to pay additional premiums in order to purchase stacked coverage. To deny [Ayers] the coverage for which he chose to pay certainly does not promote the legislative goals of the [Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701 *et seq.*]. The [Supreme] Court in *Craley [v. State Farm Fire and Causualty Co.*, 586 Pa. 484, 895 A.2d 530, 539 (2006),] asserted the right of all insureds to knowingly and voluntarily waive stacking. Here, GEICO seeks [a declaration] that GEICO can unilaterally deny stacked coverage paid for by the insured by inserting exclusionary language elsewhere in the policy. The insured would

have no reason to expect or anticipate an exclusionary clause regarding a coverage for which he or she consciously chose to pay.

There is a contradiction or ambiguity in this policy as applied under the facts of this case. Ambiguities in a policy must be construed against the insurer. Similarly, exceptions to coverage are generally construed against the insurer. Further, the insured has a right to expect that he or she will receive something of comparable value in return for the premium paid and policy clauses providing coverage are interpreted in a manner affording the greatest protection to the insured.

With these principles articulated by the Pennsylvania Superior Court in mind as well as the application of the principles set forth in *Craley*, the [trial c]ourt [found] that [Ayers] is entitled to the [UIM] benefits sought herein under the facts and circumstances of this case. The contradiction within the insurance policy at issue creates an ambiguity which must be resolved in favor of [Ayers]. To allow stacking on the policy covering the trucks meets the reasonable expectations of [Ayers] who voluntarily chose stacking coverage and the attendant increased premium. Accordingly, th[e trial c]ourt denied GEICO's Motion for Summary Judgment and granted [Ayers'] Motion for Summary Judgment.

Trial Court Opinion, 8/24/07, at 5–6 (citations omitted).

¶ 4 On appeal, GEICO presents one question for our consideration, namely: "Whether the household exclusion contained in [Ayers'] policy is violative of the [MVFRL]?" [1] GEICO's Brief at 4. The thrust of GEICO's argument on appeal is that the household vehicle exclusion found in Ayers' trucks' insurance policy precluded stacked coverage with regard to Ayers' first accident, that the exclusion is valid and enforceable, and, more specifically, that the exclusion does not violate the MVFRL.

■ ¶ 5 This matter primarily presents the Court with an issue which requires that we interpret an insurance contract. As to the manner in which we are to accomplish such a charge, our Supreme Court has stated:

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, a court is required to give effect to that language.

1. Because GEICO appeals from an order denying and granting summary judgment, the following general principles apply to our review:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a mo-

tion for summary judgment, a court views the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion....

*Swords v. Harleysville Insurance Companies*, 584 Pa. 382, 883 A.2d 562, 566–67 (2005) (citations omitted).

When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, [i]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.

*401 Fourth St., Inc. v. Investors Insurance Group,* 583 Pa. 445, 879 A.2d 166, 171 (2005) (citations and quotation marks omitted). In other words, "[g]enerally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Prudential Property and Casualty Insurance Company v. Colbert,* 572 Pa. 82, 813 A.2d 747, 750 (2002) ("Prudential").

¶ 6 As to his two trucks, Ayers purchased from GEICO an insurance policy which allowed for the stacking of UIM coverage. Not unlike most forms of coverage, Ayers' stacked coverage is subject to exceptions. In the amendment to Ayers' policy, which is clearly entitled, "**Underinsured Motorist Coverage Pennsylvania (Stacked Coverage),**" there is a heading which noticeably states, "**EXCLUSIONS.**" Under this heading, the policy provides:

When This Coverage Does Not Apply ... This coverage does not apply to *bodily injury* while occupying or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for [UIM] Coverage under this policy.

GEICO's Complaint, 12/10/05, Exhibit A, **Automobile Policy Amendment,** at 2 (emphasis in the original).

¶ 7 As to the first of Ayers' two accidents, it is undisputed he was injured while occupying a vehicle he owned that was not insured for UIM coverage under the trucks' policy. Thus, pursuant to the policy's clear and unambiguous language, Ayers' stacked coverage did not apply to the first accident. Consequently, Ayers is not entitled to stacked coverage for that accident, unless the above exclusion is contrary to public policy.

¶ 8 Ayers argues the exclusion at issue in this case is contrary to public policy contained in the MVFRL. More specifically, Ayers maintains that the MVFRL requires insurance companies to offer and provide inter-policy stacking of UIM coverage, unless the insured knowingly waives such stacked coverage. In Ayers' view, GEICO utilized his policy's household vehicle exclusion to strip him of the inter-policy stacking for which he paid and never knowingly waived. In other words, Ayers believes that the household vehicle exclusion operated as a *de facto,* unknowing waiver of inter-policy stacking.

¶ 9 In *Craley, supra,* our Supreme Court held that an insured can waive both intra- and inter-policy stacking.[2] Here, Ayers did not waive intra-or inter-policy stack-

---

2. The Supreme Court granted allowance of appeal in *Craley* in order to address, *inter alia,* the interplay between Craley's household vehicle exclusion and the provisions of the MVFRL which allow for the waiver of stacked coverage. *Craley,* 895 A.2d at 531–32. However, because the court determined that Craley could and did waive inter-policy stacking, the court declined to address this interplay. *Id.* at 532.

ing; rather, he purchased both forms of stacked coverage. This coverage is subject to exclusions. The household vehicle exclusion prohibits the application of stacked coverage under narrow circumstances, which were triggered in the first accident. Thus, the exclusion does not operate as a *de facto* waiver of inter-policy stacking;[3] instead, it merely excludes from coverage accidents which occur under limited circumstances. As the United Stated District Court for the Middle District of Pennsylvania has explained:

> [T]here is an important distinction between paying for something you cannot receive (e.g., paying for stacking in a policy which contains an exclusion of *all* stacking) and paying for something that all parties know is *limited* by the terms of the policy (e.g., the situation here where the household exclusion clause limits stacking only in certain situations and does not otherwise affect the insured's right to stack). The latter is contractually valid and not inconsistent with public policy.

*Nationwide Mutual Insurance Company v. Roth*, 2006 WL 3069721, *6 (M.D.Pa. 2006) (emphasis in original); *see also Craley*, 895 A.2d at 544 (Eakin, J., concurring) ("I believe the [household vehicle exclusion] clause also precludes the Craleys' recovery of [UIM] benefits under Randall's policy. This clause is similar to household vehicle exclusion clauses this Court previously has held enforceable. There is no reason, public policy or otherwise, to not enforce this exclusion.") (citations omitted).

¶ 10 In summary, given the facts underlying Ayers' first accident, the clear and unambiguous language of the household vehicle exclusion at issue in this case precluded Ayers from stacking the UIM coverage contained in his trucks' policy on top of the UIM coverage contained in his motorcycles' policy. The exclusion is not contrary to the MVFRL or any other discernable public policy. Consequently, the trial court erred by ruling to the contrary.

¶ 11 For these reasons, we reverse the order of the trial court and remand this matter with instructions directing that court to enter an order granting GEICO's motion for summary judgment.

¶ 12 Order reversed. Case remanded with instructions. Jurisdiction relinquished.

¶ 13 MUSMANNO, J., files a Dissenting Statement.

### DISSENTING STATEMENT BY MUSMANNO, J.:

¶ 1 Although the majority sets forth a reasoned analysis, I am compelled to respectfully dissent because it is my judgment that the application of the household exclusion where an insured had not waived and received an attendant reduction in premiums acts as an unknowing waiver of stacking coverage that deprives an insured of the benefits for which he or she paid. Accordingly, I believe that trial court reached the correct conclusion.

¶ 2 The trial court held that the household exclusion contained within the GEICO policy was at odds with the stacking provisions of the MVFRL. Accordingly, the trial court held that this contradiction created an ambiguity within the GEICO policy, which was required to be resolved against GEICO. Trial Court Opinion, 8/23/07, at 6. The trial court further explained that "[t]o allow stacking on the policy covering the trucks meets the reasonable expectations of the insured who

---

**3.** Indeed, as mentioned above, with regard to Ayers' second accident, GEICO acknowledged Ayers' right to receive inter-policy stacked UIM benefits.

voluntarily chose stacking coverage and the attendant increased premium." *Id.*

¶ 3 This case involves a situation where the insured, Ayers, *elected and paid for stacking coverage.*[4] The application of the household exclusion effectively stripped Ayers of the stacking coverage to which he was entitled pursuant to the MVFRL as he had not waived this coverage or received a reduction in premiums. The majority attempts to side-step this fact by claiming that an insured would be stripped of inter-policy stacking benefits upon the application of the household exclusion under only "narrow circumstances," and concludes that it is, therefore, acceptable.

¶ 4 However, I cannot agree that the effective stripping of inter-policy stacking benefits will occur in only "narrow circumstances." Because insurance companies routinely require motorcycle owners to insure their motorcycles under a separate insurance policy from the owners' other vehicles, those motorcycle owners who elected and paid for inter-policy stacking will be stripped of these benefits when they are injured while riding their motorcycles. I do not characterize this as a "narrow circumstance" and permit the insurance companies to receive a windfall, as they would be permitted to withhold benefits for which the insured has paid.

¶ 5 Accordingly, I would affirm the Order of the trial court.

---

4. The parties stipulated that Ayers did not opt out of stacking coverage or receive any reduction in premiums. *See* Stipulation of Facts, 10/27/06, at 2; Reply to Defendant's Motion for Summary Judgment, 2/6/07, at ¶ 3.