**Chase Bank USA v. Rader**

298

*Benjamin R. Bibler,* for plaintiff.
*Shawn P. McLaughlin,* for defendant.

ASHWORTH, *J.,* March 17, 2009—This is a debt collection action against a credit card debtor. The matter is before the court on plaintiff's motion for summary judgment. For the reasons set forth below, this motion must be denied.

## I. BACKGOUND

Plaintiff filed its complaint on January 30, 2008, seeking to collect past due payments on a credit card issued to defendant. Plaintiff alleges the remaining balance due, owing and unpaid on defendant's account is $14,282.28. (Complaint at ¶4.) Interest has also accrued at the statutory rate of six percent per annum from January 21, 2008. (*Id.* at ¶8.) Attached to plaintiff's complaint are two documents, neither of which are referred to in the complaint. The first is a one-page document entitled "exhibit '1'," which appears to be a MasterCard account summary showing a balance due, as of June 29, 2007, of $13,783.79. The second attachment, marked "exhibit '2'," is entitled "cardmember agreement." Defendant filed an answer to the complaint that generally denied the allegations on lack of information and belief, and sets forth several affirmative defenses under Pa.R.C.P. 1030. Plaintiff filed a timely response to the new matter.

On June 18, 2008, plaintiff served upon defendant a set of requests for admissions and requests for production of documents. Defendant filed a response to these discovery requests on July 28, 2008. By way of his response, defendant denies knowledge of whether he applied for the credit card at issue and denies the accuracy of the statements attached to plaintiff's discovery demands and the balance plaintiff avers to be due and owing on the account.

On August 18, 2008, plaintiff filed a motion for summary judgment, and brief in support thereof, claiming that (1) defendant has neither raised nor supported a single meritorious defense to this action; (2) the pleadings filed of record show no genuine issue of material fact exists to be tried; and (3) plaintiff is entitled to summary judgment as a matter of law. Defendant filed a brief in opposition to plaintiff's motion on September 2, 2008. On December 1, 2008, plaintiff filed a praecipe to assign the motion to the court for disposition. This matter was eventually forwarded to the undersigned on January 6, 2009.

## II. STANDARD OF REVIEW

Summary judgment is properly granted as a matter of law "if, after the completion of discovery relevant to the motion . . ., an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. The adverse party who bears the burden of proof at trial must come forward with evidence essential to preserve his cause of action. *Id.,* note. If such

a party fails to produce such essential evidence, the moving party is entitled to judgment as a matter of law. *Grandelli v. Methodist Hospital,* 777 A.2d 1138, 1143-44 (Pa. Super. 2001). However, "we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Evans v. Sodexho,* 946 A.2d 733, 738 (Pa. Super. 2008). (quotation omitted)

## III. DISCUSSION

The issue of what documentation is required in a credit card collection action has been recently considered by the Pennsylvania Superior Court in *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 345 (Pa. Super. 2003). In *Atlantic Credit,* the plaintiff filed a complaint in which it alleged that the defendants were indebted to GM Card and that the plaintiff had purchased the defendants' account from GM Card. The plaintiff, however, failed to attach to the complaint any contract or cardholder agreement between GM Card and the defendants, or any contract or agreement between GM Card and itself regarding the assignment. Atlantic Credit did attach a single sheet which appeared to be a monthly statement from GM Card addressed to the defendants, which listed the total due on the account and the interest rate.

The Superior Court stated that the plaintiff's "failure to attach the writings which assertedly establish [the creditor's] right to a judgment . . . is fatal to the claims set forth in [the creditor's] complaint." *Atlantic Credit, supra* at 345. Thus, the plaintiff's failure to produce a

cardholder agreement and statement of account, as well as evidence of the assignment, established a meritorious defense to the action.

The Honorable R. Stanton Wettick, administrative judge with the Court of Common Pleas of Allegheny County, has also addressed what documentation is required to support a credit card collection action. In *Worldwide Asset Purchasing LLC v. Stern,* 153 Pitts. L. J. 111 (2004), Judge Wettick held that a complaint to recover credit card balances must contain "sufficient documentation and allegations to permit a defendant to calculate the total amount of damages that are allegedly due by reading the documents attached to the complaint and the allegations within the complaint." 153 Pitts. L. J. at 112. (citations and footnote omitted) Included should be "the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts of other charges." *(Id.)*

The record in the instant case does include an alleged copy of the applicable credit card agreement which was allegedly mailed to defendant with the Chase Bank credit card at issue in this case. However, this generic, undated "card agreement" has a copyright date of 2006 and defendant's credit card has an account history that extends from at least 2002. Thus, plaintiff has failed to attach the original contract or cardholder agreement between defendant and plaintiff, or a facsimile thereof.

Nor has plaintiff produced a sufficient statement of activity on the account. Exhibit "1" to plaintiff's complaint is an undated one-page statement that appears to be a MasterCard account summary showing a balance

due, as of June 29, 2007, of $13,783.79. Attached to the motion for summary judgment, however, are multiple monthly statements dating back to September 2002. (See exhibit "D" attached to motion for summary judgment.) On the September 2002 statement it shows a *previous* balance of $4,406. *Id.* Plaintiff provides no undisputed facts to establish how that pre-existing balance was arrived at or how it was calculated. Clearly, this is insufficient documentation to permit defendant to calculate the total amount of damages that are now allegedly due.

Plaintiff has the burden of proving the terms of the contract with the defendant. It has not done so. Plaintiff has the burden of proving that the debt purchased was the correct amount defendant owed. It has not done so. Any ruling in favor of plaintiff would have to be based on conjecture and speculation. The court refuses to make these unsupported assumptions.

Essentially, plaintiff would have us take, on faith, the accuracy of its claims without the necessary supporting documentation. This is not the standard for deciding a motion for summary judgment. Only where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise, may the court grant summary judgment. See *Government Employees Insurance Co. v. Ayers,* 955 A.2d 1025, 1028 n.1 (Pa. Super. 2008).

## IV. CONCLUSION

Plaintiff's failure to produce a cardholder agreement and complete statement of account establishes a meritorious defense to this action and, consequently, requires the dismissal of plaintiff's motion for summary judg-

ment. Plaintiff is on notice that this court will require all the evidence identified above to establish its claim. If at the time of the pretrial conference, plaintiff is unable to produce said evidence, the court will entertain a motion for summary judgment on behalf of defendant.

Accordingly, we enter the following:

## ORDER

And now, March 17, 2009, upon consideration of the motion for summary judgment of plaintiff Chase Bank USA N.A., and the briefs filed by the parties, it is hereby ordered that said motion is denied.