**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Appellee

v.

**Jacob HYMES, Rebecca Hymes, and William Hymes, Appellants.**

Superior Court of Pennsylvania.

Argued March 30, 2011.

Filed Sept. 13, 2011.

Reargument Denied Nov. 16, 2011.

John Linkosky, Carnegie, for appellants.

David J. Obermeier, Pittsburgh, for appellee.

BEFORE: PANELLA, SHOGAN and COLVILLE *, JJ.

OPINION BY PANELLA, J.:

Appellants, Jacob Hymes, Rebecca Hymes and William Hymes, appeal from the order granting judgment on the pleadings to Appellee, Allstate Fire and Casualty Company, in this action involving a claim for underinsured motorist's benefits. After careful review, we affirm.

In this appeal, we must construe the "household exclusion" in an automobile insurance policy to determine if an injured plaintiff is entitled to underinsured motorist coverage. Specifically, we must determine whether language excluding coverage for damages sustained while "on" a motorcycle bars coverage for injuries sustained when a plaintiff is thrown from the motor-

---

* Retired Senior Judge assigned to the Superior Court.

cycle he was operating after colliding with a car.

The factual basis of this appeal is largely undisputed. On April 25, 2009, Jacob Hymes was operating his 2005 Harley Davidson motorcycle when he collided with a 2001 Chevrolet Malibu operated by Robert Meyer. Meyer was subsequently determined to be at fault for the accident. However, Meyer's liability insurance proved to be insufficient to fully compensate Jacob for the injuries he sustained in the accident.

Jacob had not elected to have underinsured motorist coverage from his primary insurer, GEICO, and therefore turned to his parents' policy with Allstate. Allstate denied Jacob's claim for underinsured motorist coverage, relying on the policy's "household exclusion." Allstate subsequently initiated this proceeding *via* complaint for declaratory judgment against the Appellants, seeking a determination that the policy did not cover Jacob's injuries in this case. The Appellants filed an answer and new matter, and thereafter filed a motion for judgment on the pleadings. The trial court granted Allstate's motion and dismissed Jacob's complaint. This timely appeal followed.

On appeal, the Appellants raise one issue for our review:

> Did the lower court err in granting declaratory relief to Allstate and determining that a "Household Exclusion" barred recovery by Jacob Hymes of underinsured motorist benefits under his parents' insurance policy when Hymes suffered serious injuries while not "in, on, getting into or out of" his motorcycle and instead suffered those injuries after being thrown from the motorcycle and into the windshield and onto the ground some twenty feet away from the point of impact?

Appellants' Brief, at 4.

■■■ In reviewing the trial court's grant of the Allstate's motion for judgment on the pleadings, our scope of review is plenary. *Vetter v. Fun Footwear Co.*, 447 Pa.Super. 84, 668 A.2d 529, 531 (1995) (*en banc* ).

> Our review of a trial court's decision to grant ... judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 428–429, 664 A.2d 84, 86 (1995).

■■■ The central issue in this case is whether Allstate's policy excluding coverage for damages suffered "while in, on, getting into or out of when struck by a motor vehicle owned or leased by you or a resident relative ..." applies to the injuries suffered by Jacob. The proper construction of an insurance policy is resolved as a matter of law to be decided by the court in a declaratory judgment action. *Genaeya Corp. v. Harco Nat. Ins. Co.*, 991 A.2d 342, 350 (Pa.Super.2010).

■■■ "The Declaratory Judgments Act may be invoked to interpret the obligations of the parties under an insurance contract...." *General Accident Ins. Co. of America v. Allen*, 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997) (citations omitted). When an insured and the insurer disagree on coverage in a policy, we must determine

what the parties intended by their contract:

> [T]he law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties. *401 Fourth St., Inc. v. Investors Insurance Group,* 583 Pa. 445, 879 A.2d 166, 171 (2005) (citations and quotation marks omitted).

*Government Employees Ins. Co. v. Ayers,* 955 A.2d 1025, 1029 (Pa.Super.2008). In other words, "[g]enerally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Prudential Property and Casualty Ins. Co. v. Colbert,* 572 Pa. 82, 87, 813 A.2d 747, 750 (2002).

Where the language of the contract is clear and unambiguous, a court is required to give effect to that language. *Prudential Property and Casualty Ins. Co. v. Sartno,* 588 Pa. 205, 212, 903 A.2d 1170, 1174 (2006). Contractual language is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Hutchison v. Sunbeam Coal Co.,* 513 Pa. 192, 201, 519 A.2d 385, 390 (1986). "This is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 606, 735 A.2d 100, 106 (1999).

In the present case, following a motion for judgment on the pleadings, the trial court determined that the "clear, unambiguous language of the 'household exclusion' bars [Appellants'] claim." Trial Court Opinion, 7/22/2010, at 2. The trial court properly examined the policy's "household exclusion" and applied the facts as alleged by Appellants to the exclusion:

> [Appellants] respond by pointing out that their New Matter alleges Jacob suffered no injuries until *after* he was ejected from his motorcycle and his body hit the tortfeasor's windshield. For defendants' interpretation of the exclusion language to be reasonable, however, it would have to make sense as applied to any accident in which a tortfeasor strikes a motoring insured, including those accidents involving injuries to the insured occurring both before and after ejection from the motorcycle or other vehicle the insured may have been driving. [Appellants'] interpretation would clearly not be reasonable as applied to such situations. Segmenting the accident under [Appellants'] analysis would create an absurd result.

*Id.* (emphasis in original). The Allstate policy excludes UIM coverage to "anyone while in, or, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative which is not insured for [UIM] Coverage under this policy." Allstate Fire and Casualty Insurance Company Auto Policy, in effect on 4/25/09, at p. 15, ¶ 3. There is no question that the motorcycle operated by Jacob falls under this exclusion.

As explained by the trial court, our review should not result in an absurd construction of the policy. Words of "common usage" in an insurance policy are to be construed in their natural, plain, and ordinary sense, and a court may inform its understanding of these terms by considering their dictionary definitions.

> Moreover, courts must construe the terms of an insurance policy as written and may not modify the plain meaning of the words under the guise of 'inter-

preting' the policy. If the terms of a policy are clear, this Court cannot re-write it or give it a construction in conflict with the accepted and plain meaning of the language used.

*Wall Rose Mutual Ins. Co. v. Manross,* 939 A.2d 958, 962 (Pa.Super.2007), *appeal denied,* 596 Pa. 747, 946 A.2d 688 (2008) (citations omitted).

Although we have, on occasions, admired good lawyering on behalf of a client and zealous advocacy, we cannot conclude that there is any plausible argument that the injures complained of here are not the direct result of Jacob's operation of his motorcycle while "on" it. Therefore, we conclude that recovery for UIM benefits is properly excluded under the pertinent policy provision.

Order affirmed. Jurisdiction relinquished.

COLVILLE, J., files a dissenting opinion.

## DISSENTING OPINION BY COLVILLE, J.:

I dissent. In my view, the pertinent standard of review and the insurance policy's clear and unambiguous language dictate that this Court should reverse the trial court's order and remand for further proceedings.

Appellee is an insurance provider. It filed an action for declaratory judgment against Appellants Jacob Hymes, Rebecca Hymes, and William Hymes (collectively referred to as "Appellants"). In the complaint, Appellee made the following relevant averments.

Rebecca and William Hymes (collectively referred to as "Parents") are the parents of Jacob Hymes ("Jacob"). Appellee issued an insurance policy to Parents for a 2002 Chevy Truck Silverado. Jacob is an insured person under the policy because

he is a relative living with Parents. On April 25, 2009, Jacob was involved in a motor vehicle accident. At the time of the accident, Jacob was operating his 2005 Harley Davidson motorcycle. Jacob's motorcycle collided with a 2001 Chevy Malibu operated by Robert Meyer. Mr. Meyer was determined to be at fault; however, his liability insurance coverage limits were insufficient to fully compensate Jacob for the injuries and damages he sustained in the accident. GEICO insured Jacob's motorcycle and would have provided underinsured motorist ("UIM") coverage to Jacob had he elected such coverage on his policy. Jacob requested UIM coverage pursuant to Parents' policy with Appellee. Parents' policy, however, excludes UIM coverage to Jacob under the circumstances pursuant to the policy's "household exclusion." This exclusion states as follows:

**Exclusions–What is not covered**

[Appellee] will not pay any damages an insured person is legally entitled to recover because of:

5. bodily injury to anyone while in, on, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative which is not insured for [UIM] Coverage under this policy.

Complaint, 01/05/10, at ¶ 9.

According to the complaint, "At the time of the accident, [Jacob] was on his motorcycle, which was *not* insured for UIM coverage under [Parents' policy], and he sustained injuries in the accident." *Id.* at 10 (emphasis in original). Based upon this premise, Appellee asked the trial court to declare that Appellee is not required to provide Jacob with UIM coverage.

Appellants filed an answer and new matter. In pertinent part, Appellants denied that Jacob suffered bodily injury while "on" his motorcycle. According to Appel-

lants, when Mr. Meyer's vehicle struck Jacob, Jacob was thrown from the motorcycle into the windshield of Mr. Meyer's vehicle, and then struck the pavement twenty feet from Mr. Meyer's vehicle. Appellants averred that Jacob's injuries were incurred when he hit the windshield and pavement, not while he was "on" the motorcycle.

Appellee filed a motion for judgment on the pleadings. After Appellants answered the motion, the trial court granted it. Appellants timely filed a notice of appeal. In their brief to this Court, Appellants present one question, namely:

> Did the lower court err in granting declaratory relief to [Appellee] and determining that a "household exclusion" barred recovery by Jacob [ ] of [UIM] benefits under [Parents' policy] when [Jacob] suffered serious injuries while not "in, on, getting into or out of" his motorcycle and instead suffered those injuries after being thrown from the motorcycle and into the windshield and onto the ground some twenty feet away from the point of impact?

Appellants' Brief at 4.

I begin by noting our scope and standard of review.

> As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.
>
> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. **We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits.** We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*John T. Gallaher Timber Transfer v. Hamilton,* 932 A.2d 963, 967 (Pa.Super.2007) (emphasis added and citations omitted).

The issue Appellants raise requires this Court to interpret an insurance policy. We accomplish such a task in the following manner:

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. **When the language of the policy is clear and unambiguous, a court is required to give effect to that language.** When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, [i]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its

language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.

In other words, [g]enerally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy.

*Government Employees Ins. Co. v. Ayers,* 955 A.2d 1025, 1028–29 (Pa.Super.2008) (citations and quotation marks omitted) (emphasis added).

The focal point of this appeal is the language of the policy's "household exclusion." This exclusion provides:

**Exclusions–What is not covered**

[Appellee] will not pay any damages an insured person is legally entitled to recover because of ... bodily injury to anyone while in, on, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative which is not insured for [UIM] Coverage under this policy.

Complaint, 01/05/10, Exhibit A, Allstate Fire and Casualty Insurance Company Auto Policy, at 20.

The issue in this case centers on the "in, on, getting into or out of" language employed in the exclusion. In its complaint, Appellee maintained that Jacob was "on" his motorcycle for purposes of the exclusion. I conclude that, pursuant to this allegation and the clear and unambiguous language of the exclusion, Jacob must have suffered bodily injury while on his motorcycle in order for the exclusion to apply.

In contending that the trial court erred in granting Appellee's motion for judgment on the pleadings, Appellants offer several arguments to this Court. Most importantly, Appellants highlight that, in their pleadings and in opposition to Appellee's motion for judgment on the pleadings, they averred that Jacob did not suffer bodily injury while "on" his motorcycle; instead, according to Appellants' pleadings, Jacob was injured after he had been ejected from his motorcycle. Thus, because Appellants pled that Jacob's injuries did not occur while he was "on" his motorcycle, they believe that they have pled sufficient facts to survive a motion for judgment on the pleadings. I agree.

Throughout their answer and new matter, Appellants denied that Jacob was injured while "on" his motorcycle and specifically claimed that his injuries occurred after he was ejected from his motorcycle. For example, in paragraph ten of their answer, Appellants averred, in part, as follows:

... Said averments are denied insofar as they aver or infer that Jacob [ ] was on his motorcycle when he sustained bodily injury as a the result of the collision and, to the contrary, Jacob [ ] was thrown from his motorcycle and suffered serious injuries when his body struck the windshield of the vehicle being operated by Robert Meyer and sustained further injuries when his body was propelled, free of the motorcycle, over the top of Meyer's vehicle and struck the pavement approximately twenty feet from Meyer's vehicle, where his body came to rest.

Answer and New Matter, 02/01/10, at ¶ 10.

I pause at this point to address an argument Appellee raises in its brief. Appellee highlights the following portion of the policy which details what events trigger UIM coverage under the policy.

If a limit of liability is shown on your Policy Declarations for [UIM coverage], we will pay damages to an insured person for bodily injury which an insured person is legally entitled to recover from

the owner or operator of an underinsured auto. **Bodily injury must be caused by accident** and arise out of the ownership, maintenance or use of an underinsured auto. . . .

Complaint, 01/05/10, Exhibit A, Allstate Fire and Casualty Insurance Company Auto Policy, at 19 (emphasis added).

As to this policy language, Appellee offers the following argument:

> . . . The motorcycle owned and operated by [Jacob] collided with another vehicle causing [Jacob] to be thrown from his motorcycle and injured. If he was not injured in the accident due to being *on* the motorcycle, then the policy would *not* afford coverage because [bodily injury must be caused by accident]. By claiming his injuries were due solely to his body striking another car and the pavement, there would be no proof of an accident in order to be eligible for UIM benefits. It is obvious that [Jacob] wants to be *on* the motorcycle for purposes of claiming he was in an accident, but not *on* the motorcycle when he was hurt. . . .

Appellee's Brief at 7 (emphasis in original).

Pursuant to the clear and unambiguous language of the policy, in order for UIM coverage to be triggered, bodily injury must be caused by an accident. Appellants do not (and could not successfully) argue that a causal relationship does not exist between Jacob's bodily injuries and the accident. Indeed, "but for" the accident, Jacob would not have sustained the injuries he allegedly suffered when he struck Mr. Meyer's windshield and the pavement. Yet, it is not inconsistent for Appellants to claim that Jacob's injuries were caused by the accident and, at the same time, that his injuries occurred after he was ejected from the motorcycle.

I agree with the Majority that "there is no plausible argument that the injuries complained of here are not the direct result of Jacob's operation of his motorcycle while 'on' it." *Id.* at 6. However, the exclusion does not provide that Appellee will not pay any damages an insured person is legally entitled to recover because of bodily injury **that is a direct result of the operation** of a motor vehicle owned by the insured or a resident relative which is not insured for UIM coverage under the policy. Appellee was free to inject this language into the policy, but Appellee choose not to include this language in the policy. Instead, whether the exclusion applies at this juncture in the case turns on the proper standard of review and the clear and unambiguous language of the policy.

At this point in the litigation a material fact still is in dispute: When was Jacob injured? This factual issue was presented to the trial court in a motion for judgment on the pleadings; consequently, the court was required, as are we, to accept as true all of Appellants' well-pleaded statements of fact and consider against Appellants facts that they specifically admitted. Because Appellants pled that Jacob was injured when he hit Mr. Meyer's windshield and the pavement and specifically denied that Jacob was injured while he was "on" his motorcycle, the trial court erred by granting Appellee's motion for judgment on the pleadings.

I, therefore, would reverse the court's order and remand for further proceedings.