J-A29022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIAN GALLAGHER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GEICO INDEMNITY COMPANY | |
| Appellee | No. 352 WDA 2016 |

Appeal from the Order Entered February 18, 2016
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 5561 of 2014

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:　　　　　　　**FILED JANUARY 27, 2017**

Brian Gallagher appeals from the February 18, 2016 order of the Westmoreland County Court of Common Pleas granting GEICO Indemnity Company's motion for summary judgment.  We affirm.

This appeal involves the interplay between an insurance policy's household vehicle exclusion and the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701-1799.7.  The household vehicle exclusion, which prohibits inter-policy stacking of coverage and appears to be a common insurance policy provision, has the practical effect of limiting the availability of stacked coverage in situations where one insurance company insures all of an insured's vehicles but on two or more policies. The legal issue is whether this policy provision, which limits stacking even

J-A29022-16

though the insured paid for stacking and did not expressly waive it, violates section 1738 of the MVFRL.[1]

In this case, Gallagher elected and paid for stacked coverage on two GEICO insurance policies, one for his motorcycle and one for his two automobiles.  The decision to write two separate policies, rather than one policy covering all three vehicles, was GEICO's.  In August 2012, Gallagher was involved in an accident while operating his motorcycle.  GEICO paid

---

[1] Section 1738 of the MVFRL provides in relevant part:

**(a) Limit for each vehicle.**—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

**(b) Waiver.**—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

**(c) More than one vehicle.**—Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S. § 1738(a)-(c).

$50,000 of underinsured motorist ("UIM") coverage under the motorcycle policy. Gallagher then submitted a claim for additional UIM benefits under the automobile policy, which GEICO denied under the household vehicle exclusion. The exclusion stated: "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for [UIM] [c]overage under the policy."

In granting GEICO's summary judgment motion, the trial court concluded that this Court's decision in *Government Employees Insurance Co. v. Ayers*, 955 A.2d 1025 (Pa.Super. 2008), *affirmed by an equally divided court*, 18 A.3d 1093 (Pa. 2011), was controlling. In *Ayers*, Jesse Ayers insured two motorcycles with GEICO under one policy and two trucks under another policy. 955 A.2d at 1027. The truck policy contained a household vehicle exclusion, which stated: "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for [UIM] [c]overage under this policy." *Id.* (quoting policy). Ayers was injured while operating one of his motorcycles. GEICO paid the UIM limit under the motorcycle policy but denied additional coverage under the truck policy due to the household vehicle exclusion. On appeal, a divided panel of this Court held:

> [G]iven the facts underlying Ayers' first accident, the clear and unambiguous language of the household vehicle exclusion at issue in this case precluded Ayers from stacking the UIM coverage contained in his trucks' policy on top of the UIM coverage contained in his motorcycles' policy. The exclusion is not contrary to the MVFRL or any other discernable public policy.

J-A29022-16

955 A.2d at 1030.[2]

Following this Court's decision, Ayers did not seek reargument but filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court. The Supreme Court granted the petition and heard argument. On April 28, 2011, an equally divided Supreme Court affirmed our Court's decision without an opinion. *See Gov't Emps. Ins. Co. v. Ayers*, 18 A.3d 1093 (Pa. 2011). Justice Saylor, however, wrote a brief statement in support of affirmance, in which he disapproved of GEICO's practice of using separate policies to subvert inter-policy stacking but agreed with this Court "that the writing of separate policies, and enforcement of the household exclusion, is justified relative to motorcycle insurance coverage." *Id.* at 1094.

Before affirming *Ayers* by an equally divided court, the Pennsylvania Supreme Court addressed the inter-policy stacking issue in *Erie Insurance Exchange v. Baker*, 972 A.2d 507 (Pa. 2009),[3] which involved policy language almost identical to the policy language in *Ayers* and this case.[4] In

---

[2] Judge Musmanno wrote a dissenting statement in *Ayers*, in which he concluded that "the application of the household exclusion where an insured had not waived and received an attendant reduction in premiums acts as an unknowing waiver of stacking coverage that deprives an insured of the benefits for which he or she paid." 955 A.2d at 1030.

[3] *Baker* was decided after this Court's decision in *Ayers* but before the Supreme Court affirmed *Ayers* by an equally divided Court.

[4] The household vehicle exclusion in *Baker* provided: "This insurance does not apply to . . . damages sustained by anyone we protect while
*(Footnote Continued Next Page)*

- 4 -

***Baker***, Eugene Baker had insured three automobiles with Erie Insurance Exchange and one motorcycle with Universal Underwriters Insurance Company. 972 A.2d at 508-09. Baker was injured while operating his motorcycle, and Universal paid Baker its UIM limits. ***Id.*** at 509. When Baker sought additional UIM benefits from Erie, Erie denied coverage under the household vehicle exclusion. ***Id.***

On appeal, our Supreme Court rejected Baker's claim that the household vehicle exclusion was effectively a "disguised waiver" of stacking that violated the MVFRL's waiver requirements. ***Id.*** at 510-11. The opinion announcing the judgment of the Court, joined by three justices, stated:

> [W]e conclude that application of the household exclusion in this case does not involve "stacking" at all. We hold instead that the Erie policy exclusion is a valid and unambiguous preclusion of coverage of unknown risks, and it was properly applied to the circumstances of this case.

***Id.*** at 511 (Greenspan, J., joined by Castille, C.J., and Eakin, J.). Justice Saylor, who concurred separately, supplied the fourth vote in support of the Court's holding that the household vehicle exclusion was valid and, thus, Baker was not entitled to UIM coverage under the Erie policy. ***See id.*** at 514-15 (Saylor, J., concurring). Three justices dissented, concluding that "the 'household exclusion' operates as a waiver of stacking, and thus contradicts and undermines the very specific statutory provisions set forth in

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

occupying or being struck by a motor vehicle owned by you or a relative, but not insured for Uninsured or [UIM] [c]overage under this policy." 972 A.2d at 509 (quoting policy).

the [MVFRL]." *Id.* at 515 (Baer, J., dissenting, joined by Todd and McCaffery, JJ.).

Accordingly, we conclude that we are bound by this Court's decision in *Ayers* because the relevant policy language and underlying facts in *Ayers* and this case are almost identical. We are also bound by *Baker*, which involved nearly identical policy language, even though the policies in *Baker* were issued by two different insurance companies. We recognize, however, that the inter-policy stacking issue in all three cases is both important and closely contested. As noted above, the Supreme Court was evenly split 3-3 in *Ayers*, and *Baker* did not produce a majority opinion. Given the significance of this legal issue and the divided nature of the Supreme Court in both *Ayers* and *Baker*, Gallagher may wish to petition the Pennsylvania Supreme Court for allowance of appeal.

Order affirmed.

Judge Dubow joins in this memorandum.

Judge Musmanno files a concurring statement in which Judge Dubow and Judge Moulton join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017

- 6 -