J-A29022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN GALLAGHER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEICO INDEMNITY COMPANY, | : | |
| | : | |
| Appellee | : | No. 352 WDA 2016 |

Appeal from the Order entered February 18, 2016
in the Court of Common Pleas of Westmoreland County,
Civil Division, No(s): 5561 of 2014

BEFORE:  DUBOW, MOULTON and MUSMANNO, JJ.

CONCURRING STATEMENT BY MUSMANNO, J.:   **FILED JANUARY 27, 2017**

Reluctantly, I concur with the Majority.  However, as stated in my Dissenting Opinion in **Government Employees Ins. Co. v. Ayers**, 955 A.2d 1025 (Pa. Super. 2008), *affirmed by an equally divided court*, 18 A.3d 1093 (Pa. 2011), "it is my judgment that the application of the household exclusion where an insured had not waived and received an attendant reduction in premiums acts as an unknowing waiver of stacking coverage that deprives an insured of the benefits for which he or she paid." **Gov't Employees Ins. Co. v. Ayers**, 955 A.2d 1025, 1030 (Pa. Super. 2008) (Musmanno, J. dissenting).  Further, as I explained in **Ayers**,

> [b]ecause insurance companies routinely require motorcycle owners to insure their motorcycles under a separate insurance policy from the owners' other vehicles, those motorcycle owners who elected and paid for inter-policy stacking will be stripped of these benefits when they are injured while riding their motorcycles.  I do not characterize this as a "narrow

circumstance" and permit the insurance companies to receive a windfall, as they would be permitted to withhold benefits for which the insured has paid.

*Id.* at 1031.  My reasoning is no less applicable in the instant situation, and the issue warrants review by our Supreme Court.

Judge Dubow and Judge Moulton join the concurring statement.