J-A24028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONALD C. PETRA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA NATIONAL MUTUAL | : | No. 505 MDA 2018 |
| CASUALTY INSURANCE COMPANY | : | |

Appeal from the Order Entered March 13, 2018
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2016-02932

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED JANUARY 16, 2019**

Donald C. Petra appeals from the order entered March 13, 2018, granting summary judgment to Pennsylvania National Mutual Casualty Insurance Company (Penn National) in this declaratory judgment action. **See** 42 Pa.C.S.A. §§ 7531-41. At issue is whether the trial court properly determined that an insurance policy's "household exclusion" excluded underinsured motorist (UIM) coverage for Petra for injuries sustained while driving his motorcycle. In accordance with precedent established in **Allstate Fire & Cas. Ins. Co. v. Hymes**, 29 A.3d 1169 (Pa.Super. 2011), as thereafter reaffirmed in **Swarner v. Mut. Benefit Group**, 72 A.3d 641 (Pa.Super. 2013), we affirm.

The parties stipulated to the following facts:

On May 19, 2015, Petra was operating his motorcycle when he collided with an automobile owned and operated by Jason R.

Nalewak. Petra was ejected from the seat of his motorcycle and hit the ground. No other vehicles were involved in the accident. Petra sustained bodily injuries while he was "in physical contact with" his motorcycle, and while he was "separate from physical contact with" his motorcycle. Some of Petra's injuries were caused by physical contacts with Petra's own motorcycle. Between the time of the collision and when Petra's body came to rest on the ground, there was no intervening or superseding accident.

Petra is insured with Harley-Davidson Insurance Services, Inc., under a policy underwritten by Progressive Advanced Insurance Co. [(Motorcycle Policy)], but [he] had rejected uninsured and [UIM coverage]. At the time of the accident, Petra also owned a minivan [that] was insured with Penn National under Policy Number 1290185570 [(Minivan Policy)], a copy of which has been incorporated into the record by stipulation. The minivan is the only vehicle insured under the Minivan Policy underwritten by Penn National. [As] Petra rejected UIM [benefits] under the [M]otorcycle [P]olicy, he is seeking UIM benefits from his Minivan Policy to compensate for injuries related to the accident.

Trial Court Opinion, filed March 13, 2018, at 2-3 (internal citations to Stipulated Facts, 12/21/2017, omitted).

The Minivan Policy contains a household exclusion to UIM coverage, which provides in relevant part:

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage under this policy.

Minivan Policy, UIM Coverage Endorsement, Form 70-3131 (Rev. 08/12), at 1. In this context, "occupying" means "in, upon, getting in, on, out or off." Minivan Policy, Definitions, Form PP 00 01 06 98, at 1.

- 2 -

In August 2016, Petra commenced this declaratory judgment action by complaint. At the close of pleadings, in December 2017, the parties filed stipulated facts and cross-motions for summary judgment. In March 2018, the trial court concluded that the household exclusion barred Petra from UIM benefits under the Minivan Policy. Trial Ct. Op. at 8. Accordingly, it denied Petra's motion for summary judgment and granted Penn National's motion. Order, 03/13/2018.

Petra timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. In response, the court directed our attention to its prior opinion. **See** Order, 04/03/2018.

On appeal, Petra raises the following issue:

Is [Appellant], Donald C. Petra, entitled to underinsured motorist benefits pursuant to an automobile insurance policy issued by [Appellee], Pennsylvania National Insurance Company, because the "household exclusion" does not preclude coverage as [Petra] was not "occupying" a non-insured motor vehicle when he was injured?

Petra's Br. at 2.

Petra seeks our interpretation of the rights and obligations of the parties under the Minivan Policy, an insurance contract. "The proper construction of an insurance policy is resolved as a matter of law to be decided by the court in a declaratory judgment action." **Swarner**, 72 A.3d at 644 (quoting **Hymes**, 29 A.3d at 1171). As a matter of law, our standard of review is *de novo*. **Id.**

When interpreting an insurance policy, our goal is to ascertain the parties' intentions as manifested by the policy's terms. We must give effect to clear and unambiguous terms. An insured may not

complain that his or her reasonable expectations were frustrated by policy provisions and limitations that are clear and unambiguous. However, when a policy provision is ambiguous, we will construe it in favor of the insured.

*Estate of O'Connell ex rel. O'Connell v. Progressive Ins. Co.*, 79 A.3d 1134, 1137-38 (Pa.Super. 2013).

Here, Petra concedes the language of the Minivan Policy is "clear." Petra's Br. at 14. He further acknowledges that the household exception precludes coverage for an insured where that person is injured while "occupying" a vehicle not covered by the Minivan Policy. *Id.* at 10. Nevertheless, Petra asserts that he is entitled to UIM benefits under the Minivan Policy. *Id.* at 9. According to Petra, he was not "occupying" his motorcycle when he was injured. *Id.* at 11. Parsing the definition of "occupying," Petra suggests that "[s]ome of his injuries were sustained while he was in physical contact with the motorcycle[,] while other injuries occurred after he was separated from the motorcycle." *Id.* at 8, 14. According to Petra, Penn National could have drafted "broader and more comprehensive" language to preclude coverage in a case like this, but it failed to do so. *Id.* at 15 (citing in support *Hymes*, 29 A.3d at 1176 (Colville, J., dissenting)).[1] Thus, Petra concludes, the trial court erred. *Id.* at 16.

Previously, we have addressed similar circumstances. A brief review of those precedents will demonstrate why, in this case, the trial court did not err.

_____

[1] Petra's reliance on the learned J. Colville's dissent in *Hymes* is misplaced, as it carries no precedential value.

- 4 -

In **Hymes**, the plaintiff sought UIM benefits for injuries suffered while operating a motorcycle not insured by the relevant policy. **Hymes**, 29 A.3d at 1171. Upon colliding with an automobile, the plaintiff was thrown from his motorcycle and struck the windshield of the automobile. **Id.** at 1171, 1172.

The policy at issue in **Hymes** contained a household exclusion, excluding UIM benefits to "anyone while in, or, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative" not covered by the policy. **Id.** In seeking UIM benefits, the plaintiff argued that he had suffered no injuries until *after* he was ejected from his motorcycle and struck the windshield. **Id.** However, based on the plain language of the exclusion, the trial court denied coverage existed, and this Court affirmed. **Id.** at 1172-73. Noting that we should construe unambiguous terms in their "natural, plain, and ordinary sense," we concluded that "[s]egmenting the accident under [the plaintiff's] analysis would create an absurd result." **Id.** at 1172 (quoting trial court opinion favorably).

In contrast, this Court found coverage existed in **Swarner**. In that case, the plaintiff was thrown from her motorcycle following a collision with a pick-up truck. **Swarner**, 72 A.3d at 643. She came to rest in a travel lane where she was subsequently run over by a *second* automobile. **Id.** at 643. The insurance provider denied her UIM benefits based on the policy's household exclusion. **Id.** at 644. The exclusion applied where an insured was "occupying" a vehicle not insured by the policy. **Id.** at 646. "Occupying" was defined as "1) In; 2) Upon; or 3) Getting in, on, out or off." **Id.**

The trial court agreed with the provider, but on appeal we reversed. *Id.* at 643. Critical to our analysis, and with reference to our holding in *Hymes*, we concluded that the household exclusion did not cover the facts presented, where the plaintiff was "lying in the roadway and subsequently struck by an underinsured motorist." *Id.* at 651. Under these circumstances, the plaintiff "had ceased to occupy the motorcycle" when the second accident occurred. *Id.*

Here, Petra's attempt to distinguish injuries suffered upon impact with Nalewak's vehicle from those incurred after he was thrown from his motorcycle is not persuasive. Indeed, we rejected such a distinction explicitly in *Hymes*, where we concluded—under nearly identical facts and household exclusion—that recognizing coverage "would create an absurd result." *Hymes*, 29 A.3d at 1172.[2] Moreover, Petra's reliance on *Swarner* is misplaced. In that case, we recognized two, distinct accidents had occurred. In contrast, here, Petra stipulated that a single accident occurred and that there was no intervening or superseding accident. Stipulated Facts at 3 Nos. 14, 15. Thus, our analysis in *Swarner* is inapposite.

Construing the unambiguous terms of the household exclusion contained in the Minivan Policy, Petra suffered bodily injury while occupying his motorcycle, a vehicle not covered by the policy. Pursuant to *Hymes* and

---

[2] It is also incongruous with Stipulated Facts agreed to by Petra. *See* Stipulated Facts at 3 No. 11 ("Mr. Petra is demanding UIM benefits as compensation for *all injuries* sustained as a result of the accident.") (emphasis added).

***Swarner***, and as determined by the trial court, we further conclude that Petra occupied his motorcycle from the moment of impact with Nalewak's vehicle, through ejection, and until his body came to rest on the ground. ***See*** Trial Ct. Op. at 8. Accordingly, Petra is not entitled to UIM benefits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019